UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02828

**Valeriano-Garmendia,**
*Petitioner,*
v.
**Warden, T. Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Anael Antonio Valeriano-Garmendia is a native and citizen of Honduras currently being detained by Respondents pending removal pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release. Because his detention is lawful, his petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about December 15, 2020. In September 2026, federal law enforcement detained Petitioner following a vehicle stop. Petitioner was then transferred to the T. Don Hutto Detention Center in Taylor, Texas. Soon after, Petitioner was issued a Notice to Appear. ECF No. 5, Ex. C.

On October 6, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the text of the Immigration and Nationality Act, and the Administrative Procedure Act ("APA"). His arguments, however, fail.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due

process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7. "Illegal aliens are entitled to the process that Congress can give them, and nothing more." *Id.* at *40 (Oldham, J. concurring).

To the extent Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Petitioner's APA arguments fare no better for the reasons set forth in Part III of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas

relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id.*

Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either. For the reasons set forth above and in Parts I–III of this Court's decision in *Tapia v. Mullin*, the Court denies the petition.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 17, 2026.*

ANDREW DAVIS
United States District Judge